IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIMBERLY MARTIN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 07-CV-441-FHM

**OPINION AND ORDER**

Plaintiff, Kimberly Martin, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The parties have consented to proceed before a United States Magistrate Judge. 28 U.S.C. § 636(c)(1) & (3).

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's October 14, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 15, 2006. By decision dated December 28, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on June 20, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 49 years old at the time of the hearing. She has a high school education and formerly worked as grocery cashier/clerk and deli clerk. She claims to have been unable to work since July 30, 2004, as a result of heart problems, back problems, hepatitis C and related fatigue, chronic obstructive pulmonary disease (COPD), depression, and anxiety. The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to occasionally lift and /or carry 20 pounds and frequently lift and/or carry 10 pounds, stand and/or walk at least 6 hours in an 8-hour workday, sit at least 6 hours in an 8-hour workday and stoop or bend occasionally. [R. 19]. Based on the testimony of a vocational expert, the ALJ determined that although Plaintiff cannot perform her past relevant work, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: erred in determining that her depression, anxiety and hepatitis C are not severe impairments; failed to perform a proper

assessment of her credibility; and failed to order mental and medical consultative examinations.

## Severity of Impairments

At step two, of the evaluative sequence the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.*, 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 2008 WL 2662953 (10th Cir).

The Court finds no error in the ALJ's findings at step two. Plaintiff's argument is more properly directed at the ALJ's findings concerning her ability to do any work, considering the effects of fatigue, depression and anxiety. Those issues are dealt with below.

## Credibility Analysis

Plaintiff argues that the ALJ did not conduct a thorough credibility analysis. The Court agrees.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz*

*v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001). Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

Soc. Sec. Rul. 96-7p lists a number of factors that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements: The individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 1996 WL 374186, *3. While the ALJ is not required to conduct a formalistic factor-by-factor recitation of the evidence, he is required

set forth the specific evidence relied upon in evaluating the Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Where the Plaintiff's testimony or information in the record directly pertains to one of the listed areas, the ALJ should generally address the area in his decision.

In this case the ALJ's decision included a thorough recitation of Plaintiff's testimony followed by a recitation of some of the relevant medical evidence and the following conclusion:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. None of her impairments seen separately or in combination with the others can support the level of impairment she alleged. Her cardiac function was unremarkable, her back pain is relieved with Duragesic patches, her hepatitis was rated as minimal, and her treating sources have consistently not included respiratory problems in their assessments of her condition.

[R. 21] [citations omitted]. The Court finds that the ALJ's credibility analysis is not complete as it did not adequately address several of Plaintiff's central allegations.

Plaintiff complained of fatigue, which may be related to hepatitis. The ALJ stated that Plaintiff's hepatitis was rated as minimal, but that reference relates to her liver function, not necessarily fatigue. [R. 19]. The ALJ acknowledged that hepatitis could cause fatigue, but in conclusory fashion found that light work should limit Plaintiff's fatigue. *Id.* However, the ALJ said nothing about the daily activities indicated in the record, which would seem to be relevant to Plaintiff's claims of fatigue.

The ALJ did not adequately address Plaintiff's medications. In addition to Duragesic patches, the record reflects that a morphine based drug, MSIR, is prescribed for Plaintiff. [R. 272]. The ALJ did not mention the dosage or possible side effects of that drug.

Of larger concern, however, is the ALJ's failure to adequately address Plaintiff's claims about the frequency of anxiety attacks. The ALJ noted Plaintiff's history of anxiety and depression and that the record reflects she has had good results with the medication Zoloft and also that the record indicates she is feeling better mentally since she is back on her medication. The record reflects that Zoloft helped with the depression symptoms, but not the panic attacks. [R. 271].

The ALJ also noted that the Disability Determination Services (DDS) psychologists found Plaintiff's depression and anxiety to be non-severe impairments. *Id.* (citing Exhibit 8F, R. 134-44). The DDS psychologists reviewed the record on November 24, 2004 and June 6, 2006, and based on those reviews recorded their opinions by way of checkmarks on a Psychiatric Review Technique form. [R. 134-144]. The DDS psychologists checked the "impairment(s) not severe" space on the form. [R. 134]. On the same form they rated Plaintiff as having a mild degree of limitation in her activities of daily living and a mild degree of difficulty in maintaining concentration, persistence or pace as a result of her mental disorder(s). [R. 144]. According to the Commissioner's regulations, the mild degrees of limitation noted by the DDS psychologists will generally result in a conclusion that a mental impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the] ability to do basic work activities." 20 C.F.R. §§ 1520a(d)(1), 416.920a(d)(1).

The record contains medical records that were generated after the June 6, 2006, DDS record review which address Plaintiff's mental disorders. A June 14, 2006, entry refers to a panic attack, a long history of depression, and the fact that Plaintiff had been off of her medications because of the side effects. [R. 274, 276-77]. On July 17, 2006, Plaintiff had a follow-up visit with her physician where she reported two panic attacks since her last visit. [R. 269]. The medical record thus suggests that there may be more than a minimal limitation in Plaintiff's ability to do basic work activities that was not discussed by the ALJ in his denial decision. The case must therefore be remanded for the ALJ to fully consider the effect of Plaintiff's mental disorders in terms of her credibility and the effect on her RFC.

## Consultative Examination

Plaintiff asserts that the ALJ erred in failing to order a consultative medical and mental examinations. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Plaintiff has not demonstrated: a conflict in the medical evidence requiring resolution; that the medical evidence in the record is inconclusive; or that additional tests are required to explain a diagnosis already contained in the record. Therefore, the Court finds that the ALJ did not err in failing to order a consultative examination.

## **CONCLUSION**

For the reasons expressed, the Court holds that the ALJ failed to evaluate the record in accordance with the legal standards established by the Commissioner and the courts. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and the case is REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 29th day of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE